[Civ. No. 6336. Third Appellate District.—April 16, 1940.]

DIKRAN TAYLOR, Appellant, v. KREKOR H. SAPRITCH et al., Respondents.

E. A. Sarkisian and Winterer & Ritchie for Appellant.

Astor Elmassian and C. G. Weisbrod for Respondents.

TUTTLE, J.—Appellant commenced this action for the purpose of compelling respondents to specifically perform the covenants contained in a deed of trust executed by them in

his favor. Respondents filed a cross-complaint for damages arising out of the alleged violation of an escrow agreement by appellant. The trial court found against appellant upon his complaint and in favor of respondents upon their cross-complaint. Judgment was entered in favor of respondents, Krekor H. Sapritch and Takoohie K. Sapritch in the sum of $1500, and in favor of respondent Armenia Ruth Sapritch in the sum of $1,000. The appeal is from the judgment.

On January 28, 1932, respondents executed a $1,000 note to appellant, which note was secured by a deed of trust on two lots owned by respondents—lot 7 owned by Mr. and Mrs. Sapritch, and lot 6 owned by Armenia Ruth Sapritch, their daughter. On April 12, 1934, a further advance of $500 was made by appellant, secured by this deed of trust. This trust deed constituted a first lien on lot 6, and a second lien on lot 7, upon which a prior deed of trust, secured by a note in the sum of $4,150, was held by the Security First National Bank of Los Angeles. Appellant and Sapritch met at the Security First National Bank on January 28, 1935. At this time appellant advanced Sapritch $4,392.46, which amount was paid over to the Security First National Bank in full payment and satisfaction of its said indebtedness. The deed of trust was marked ''Paid'', as of January 31, 1935, and a letter written on February 1, 1935, to the Los Angeles Trust and Safe Deposit Company, the trustee, stated that the note and deed of trust were being sent to said trustee for cancellation. At the time that the $4,392.46 was paid over to the bank, Mr. Sapritch executed a writing authorizing the *bank* to forward the note, trust deed, and request for recon-veyance to the appellant, Mr. Taylor. *Through inadvertence, these papers were mailed to respondent Sapritch, who received them on February 5, 1935. This note, canceled deed of trust, and other papers were held by the respondent until the bringing of this action.* They were admitted in evidence during the trial.

Escrow instructions were executed and signed by appellant and respondents on February 1, 1935. Appellant agreed to put into the escrow a request for full reconveyance of the trust deed of record for $1500, executed by the respondents, and also any additional funds required to complete the escrow. The written instructions indicate that additional funds were needed to pay taxes for 1934–1935, and penalties.

Appellant also agreed to pay any delinquent street bond or assessments, and to pay light assessments for light bill for year 1934. The amount of these items was never ascertained. Respondents executed and delivered into escrow a promissory note in favor of appellant in the sum of $6,225, secured by a deed of trust on lots 6 and 7, belonging to them, which deed of trust was to be a first lien on the land. Respondents also executed and delivered into escrow an assignment to appellant, of all rents accruing from the respective property. On February 19th further escrow instructions were signed by appellant and delivered to the same bank. They provided as follows:

"I will hand you Full Reconveyance of Trust Deed of record, for $4150.00 executed by Krekor H. Sapritch et al in favor of the Security First National Bank of Los Angeles, and said Trust Deed paid for in full by me. You are also authorized and instructed to file for record this Full Reconveyance through this escrow."

Appellant did not pay any moneys into the escrow subsequent to February 1, 1935, with the one exception of a $25 payment, which was for title and escrow charges. During February, appellant made quite a number of visits to the Sapritch home, and the evidence shows without dispute that he made numerous requests for the note, deed of trust, etc., that had been mailed to respondent Sapritch by the bank. Sapritch never produced these papers for Taylor, and they have remained in Sapritch's possession ever since. *The record shows that Taylor, his attorney, and two representatives from the bank informed Sapritch that they wanted the papers in order to complete the escrow.* Mr. Sapritch testified that Taylor wanted the papers only for the purpose of quieting title pursuant to foreclosure proceedings. However, on February 13, 1935, Sarkisian, attorney for Taylor, wrote to the respondents upon the instance of Taylor, stating in effect that Taylor was disappointed that respondents had refused to sign an agreement canceling the escrow. The letter also stated that unless the required agreement was received by the following Saturday, Taylor would take legal action in the matter. No further action was taken by appellant or respondents in furtherance of carrying out the escrow agreement, and appellant canceled the escrow on March 5, 1935, by letter of instruction to the Security First National Bank. On July 13, 1935, appellant, under his original deed of trust,

sold the real property, upon default in the payment of the $1500 indebtedness, and became the purchaser at the trustees' sale. Up to that time he had advanced the following sums to respondents: $4,392.46 paid on account of respondents' indebtedness on the first trust deed to the bank; and $1500 on the original trust deed.

The trial court found that respondents had performed all the terms on their part to be performed, as provided in the escrow agreement. It also found that appellant had breached said agreement, in that he failed to pay taxes and assessments on the real property, and title, escrow, and other necessary charges to close the escrow.

Appellant contends that respondents cannot recover on account of a breach of the escrow for the reason that the latter prevented performance upon his part. We are in accord with this view. The understanding was that appellant would advance sufficient funds to pay off the trust deed to the bank, which was a prior lien on the property in respect to his own deed of trust. He was to receive a new trust deed which was to be a first lien upon the property. Respondents wrote the bank directing that the canceled note and deed of trust and request for reconveyance relating to the indebtedness to the bank, be sent to appellant. By mistake, they were sent to respondents, who at all times refused to deposit them in escrow. Without them, it was impossible to close the escrow, as the agreement provided that the new trust deed to appellant be a *first lien* on the property. Thus, it very definitely appears that respondents prevented appellant from performing his obligation, and in fact halted all further proceedings under the escrow. ''As indicated above, by force of the provisions of section 1511 of the Civil Code, prevention by one party will excuse want of performance or delay on the part of the other.'' (6 Cal. Jur., p. 436, sec. 261.) ''A party to a contract cannot take advantage of his own act or omission to escape liability therefrom, and performance of a contract is excused when prevented by the acts of the opposite party, or is rendered impossible by him.'' (*Ray Thomas, Inc.*, v. *Cowan*, 99 Cal. App. 140 [277 Pac. 1086].) The retention by respondents of the documents mentioned, and their refusal to deliver them to the escrowee, excused appellant from performance with the terms of the escrow, and it follows that the finding that appellant breached the contract is not

sustained by the evidence, and that appellant was fully justified in canceling the escrow agreement.

Numerous additional points are raised by appellant, but we do not deem it necessary to discuss them.

The judgment is reversed.

Pullen, P. J., and Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court June 13, 1940. Edmonds, J., and Carter, J., voted for a hearing.