[No. B199971. Second Dist., Div. Three. Oct. 27, 2008.]

NOEL HINES, Plaintiff, Cross-defendant and Respondent, v.
PAT LUKES, Defendant, Cross-complainant and Appellant.

COUNSEL

Law Office of Anthony Roach and Anthony A. Roach for Defendant, Cross-complainant and Appellant.

Roxborough, Pomerance & Nye, Gary A. Nye and Michael L. Phillips for Plaintiff, Cross-defendant and Respondent.

OPINION

**CROSKEY, J.**—Pat Lukes appeals an order granting a motion for entry of judgment pursuant to a settlement (Code Civ. Proc., § 664.6).[1] The settlement was intended to resolve a dispute between two neighbors concerning the scope of an easement. Lukes contends the trial court refused to consider her arguments in opposition to the motion because it erroneously concluded that it had no jurisdiction to consider those arguments, that Noel Hines waived the right to enforce the settlement, and that he prevented her performance.

We conclude that the trial court properly considered the merits of the motion and opposition and that Lukes has shown no basis to relieve her of her settlement obligations. We conclude further, however, that the order erroneously fails to set forth all of the material settlement terms. We therefore reverse the judgment with directions to the trial court to enter a formal judgment setting forth all of the material terms that have yet to be fully performed or, if the court finds that the parties failed to agree to all material terms, enter an order denying the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Complaint, Petition for an Injunction, and Cross-complaint

Hines and Lukes own and reside on contiguous lots in the City of Los Angeles. Lukes owns an easement over a triangular portion of the Hines property. The parties dispute the scope of the easement.

Hines filed a complaint against Lukes in December 2003, alleging that the easement is "solely for ingress, egress and drainage," as stated in an easement recorded on May 14, 1979, attached to the complaint. Hines alleges that Lukes has exceeded the scope of permissible uses of the easement by "permanently parking vehicles" in the easement area, and by placing trash

---

[1] Although the court failed to enter a formal judgment, we exercise our discretion to amend the order to include an appealable judgment, as stated *post*.

bins, a dumpster, and waste in the easement area. Hines alleges counts for trespass, "interference with easement" (capitalization omitted), and declaratory relief.

Lukes filed a petition for an injunction against Hines in January 2004 (*Lukes v. Hines* (Super. Ct. L.A. County, 2004, No. LS012082)), alleging civil harassment. The trial court determined that the petition was related to the present action. Lukes voluntarily dismissed the petition in April 2004.

Lukes filed a cross-complaint against Hines and filed a first amended cross-complaint in July 2004. Lukes alleges that the easement is not only for ingress, egress, and drainage, but also for " 'general driveway purposes,' " as stated in a recorded easement dated February 7, 1980, attached to the first amended cross-complaint. Lukes alleges counts to quiet title to the easement and to enjoin any interference with the permitted uses.

### 2. *Settlement Agreement*

The parties participated in a mandatory settlement conference on October 13, 2004. At the conclusion of the conference, the parties orally before the court agreed to a settlement on stated terms. The settlement provided that (1) Lukes would resurface the portion of the driveway in front of her garage, including the easement area; (2) Hines would resurface the portion of the driveway on his property, excluding the easement area; (3) Lukes's insurance carriers would pay one-half of the cost of the resurfacing to be done by Hines, not to exceed $4,000[2]; (4) both parties would "use concrete materials" for the resurfacing and would resurface the driveway in "a neutral color"; (5) the work would be done at the same time, but not necessarily by the same contractor; (6) the work would be completed within one year after the date of the oral settlement; (7) Lukes would keep her garbage cans on her own property and not in the easement area; and (8) Lukes would park no more than two vehicles in the driveway in front of her garage, including one of her own and one of a visitor, and neither she nor her visitors would park on the Hines property outside the easement area.

The settlement also provided for mutual dismissals with prejudice, and a mutual release. The parties agreed that the court would retain jurisdiction to enforce the terms of the settlement and that the parties would participate in a mediation before applying to the court to enforce the settlement.

---

[2] Counsel for Lukes stated that the parties had agreed, "in connection with Mr. Hines's resurfacing, that Ms. Lukes's insurance carriers will pay one-half of the cost of his resurfacing, not to exceed $4,000." The insurers did not appear before the court.

After the parties had agreed to these terms, the court stated, "I understand that these terms will be put into writing. However, the settlement is enforceable as of now." The court scheduled an order to show cause hearing for November 19, 2004, and stated that no appearance would be necessary if the dismissals were filed by that date.

### 3. *Dismissal*

The court later continued the order to show cause hearing on four occasions, at the request of counsel. At the hearing on February 24, 2005, the court dismissed the action for failure to prosecute and nonappearance of counsel. The court filed a signed order of dismissal on that date.

### 4. *Second Petition for an Injunction*

Lukes filed a second petition for an injunction against Hines in May 2005 (*Lukes v. Hines* (Super. Ct. L.A. County, 2005, No. LS013454)), alleging civil harassment. Hines filed a notice of related cases, stating that the petition was related to both the present action and the prior injunction petition (No. LS012082). The court determined that the second petition was related to the present action. The court issued a restraining order in June 2005, prohibiting Hines from parking within a certain distance of Lukes's house.

### 5. *Motion for Entry of Judgment Pursuant to the Settlement*

Hines filed a motion for entry of judgment pursuant to the settlement in October 2006. He argued that Lukes had failed to resurface her portion of the driveway in neutral-colored concrete within one year after the settlement, as required by the settlement, and that she had threatened to resurface her portion of the driveway in black asphalt. Hines argued that he had resurfaced his portion of the driveway, and that Lukes had refused to participate in mediation. The only evidence filed in support of the motion was a declaration by Hines's attorney stating that Lukes had failed to resurface her portion of the driveway. The declaration also attached a copy of the reporter's transcript of the oral settlement and two photographs of a portion of the driveway, and stated that the photographs showed "the current condition of the driveway." He requested the entry of judgment pursuant to the settlement under Code of Civil Procedure section 664.6.

Lukes argued in opposition that the motion was premature because no mediation had taken place, as required by the terms of the settlement. She also argued that she needed Hines's written consent to obtain a building permit to resurface the easement area, that his failure to provide consent had prevented her performance, and that her nonperformance therefore was

excused and did not constitute a breach. She argued further that Hines's failure to complete the resurfacing of his portion of the driveway within one year, as required under the settlement, constituted unclean hands and should preclude any relief. She filed her own declaration stating that she had not refused to participate in mediation, that the City of Los Angeles required her to obtain the owner's written consent to do the work and that Hines had refused her request for written consent, and that Hines had not completed resurfacing his portion of the driveway.

Hines argued in reply that the two photographs filed with his moving papers showed that he had completed resurfacing his portion of the driveway.[3] A second declaration by his attorney stated that counsel for Lukes had failed to respond to his request for mediation. Hines also objected to the Lukes declaration on various grounds.

After a hearing in December 2006, the court ordered the parties to mediation, requested supplemental briefs, and continued the hearing on the motion to February 2007. The parties filed supplemental briefs in January 2007, but presented no additional evidence. Hines argued in his supplemental brief that he had completed his resurfacing and that Lukes had failed to show that she needed his consent to do the work or that he had failed to provide his consent. Lukes argued in her supplemental brief that the mediation was scheduled for later that month and that any further briefing should be delayed until after the mediation.

The court granted a motion by Lukes's counsel to be relieved as counsel in February 2007. The motion for entry of judgment pursuant to the settlement was continued further to March 2007.

The motion came on for hearing in March 2007. The judge who had presided over the settlement had retired, so the hearing was before a different judge. Lukes appeared in propria persona. The court's tentative ruling was to order the parties to mediation, as required by the terms of the settlement. Counsel for Hines stated that the parties had already participated in a mediation. Lukes responded that the mediation was unsuccessful because Hines had walked out of the mediation. The court asked whether there was a viable settlement if the parties could not resolve their differences in mediation. Counsel for Hines stated that there was an enforceable settlement. Lukes stated that many statements in the complaint were false. The court stated that the court retained jurisdiction only to enforce the terms of the settlement, and that the allegations in the complaint did not control. The court continued the hearing to April 2007, and encouraged the parties to resolve their differences.

---

[3] The photographs appear to show only a small portion of the driveway.

At the hearing in April 2007, the court's tentative ruling once again was to order the parties to mediation, as required by the terms of the settlement. Counsel for Hines stated once again that the parties had already participated in a mediation and had attempted to resolve the dispute after the prior hearing. Lukes stated that the mediation was unsuccessful because Hines had walked out of the mediation. Lukes stated that the resurfacing of Hines's portion of the driveway was incomplete and that Hines had failed to present any evidence that the work was complete. Counsel for Hines stated that the issues in dispute included the timing of the resurfacing and the materials to be used. Lukes stated that other statements in the moving papers were false. The court confirmed that Lukes had filed an opposition, stated that the court's jurisdiction was limited to enforcing the terms of the settlement, and stated, "I can't get into the substance of the driveway."

The court stated further: "In a way, I wish I could re-mediate this, but I can't. I don't have the jurisdiction to do it, and I'm not a mediator. I can't go into the substance of the dispute. I can't go into the timing issue. I can't go into the type of material to be used. All I can do is look at the transcript. That's all I can do at this point; look at your moving papers, look at your opposition papers, and go from there." The court continued the hearing to May 1, 2007.

### 6. *Order Granting the Motion*

The court granted the motion on May 1, 2007. The court stated at the beginning of the hearing, "the only jurisdiction that I have is to enforce the terms and conditions of the settlement," and again, "I was saying that the only jurisdiction that I have is to enforce the terms and conditions." The court referred the parties to its written tentative ruling.

The tentative ruling began by stating that the motion was granted and that Lukes must "com[p]ly with the settlement agreement within 14 court days." (Capitalization omitted.) The ruling quoted some, but not all, of the settlement terms from the reporter's transcript of the mandatory settlement conference. It then stated that Lukes had "failed to comply with the conditions set forth in the settlement." It stated that Code of Civil Procedure section 664.6 authorized the court to enter a judgment pursuant to the terms of the settlement, and that "[t]he judgment must 'reflect and enforce' those terms. *Skulnick v. Roberts Express, Inc.* (1992) 2 Cal.App.4th 884, 889 [3 Cal.Rptr.2d 597]." The ruling concluded, "Accordingly, as Defendant orally agreed to the noted conditions while appearing before Judge Stephen Peterson on October 13, 2004, the Court enforces the terms of the settlement per *CCP* § 664.6." The ruling did not state that a judgment would be entered.

After the parties had reviewed the tentative ruling, the court stated: "There's nothing more I can say or do. This matter was settled. It was dismissed. The court retained jurisdiction only to enforce the terms and conditions of the settlement. My jurisdiction does not extend beyond that. That's it. I can't do any more. Under the Code, under section 664.6, once the case is dismissed, the only jurisdiction that I have is to enforce the terms and conditions of the settlement. Those terms and conditions were set forth in Exhibit A [the reporter's transcript]. I have recited some but not all of the conversation that went on before my colleague, now-retired Judge Petersen. I can't revisit it. That will be the order." The court stated further in response to counsel's question, "I don't know whether or not a judgment is needed. I wouldn't think so because the case was settled."

The court adopted the tentative ruling as its final order, but changed the date for Lukes to comply with the settlement to June 15, 2007. A minute order granting the motion attached the tentative ruling, as so modified. The court entered no formal judgment.

Hines filed and served a notice of entry of judgment. Lukes filed a notice of appeal from the order granting the motion. Lukes also petitioned this court for a writ of supersedeas, seeking to stay enforcement of the appealed order pending our resolution of the appeal. We granted the petition and stayed the trial court proceedings.

### 7. *Quiet Title Action*

Lukes filed a complaint against Hines in November 2007 (*Lukes v. Hines* (Super. Ct. L.A. County, No. LC079825)), alleging that Hines had interfered with her use of the easement and that the parties disputed the meaning of the settlement agreement in this action.[4] She alleged that her position was that the reference in the settlement to "concrete materials" included "asphaltic concrete," while Hines maintained that the term included only portland cement. She alleged counts for quiet title, interference with easement, and declaratory relief. The action is currently pending.

### CONTENTIONS

Lukes contends (1) the court refused to consider her arguments in opposition to the motion because the court erroneously concluded that it had no jurisdiction to consider those arguments; (2) Hines waived the right to enforce the settlement by failing to perform his settlement obligations and by failing to invoke Code of Civil Procedure section 664.6 sooner; and (3) the

---

[4] We take judicial notice of the complaint. (Evid. Code, § 452, subd. (d).)

nonperformance of her settlement obligations was excused by Hines's prevention of her performance.

## DISCUSSION

1. *Code of Civil Procedure Section 664.6*

■ Code of Civil Procedure section 664.6 provides a summary procedure to enforce a settlement agreement by entering judgment pursuant to the terms of the settlement. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809 [71 Cal.Rptr.2d 265].) Section 664.6 states that if the parties to pending litigation enter into a settlement either in a writing signed by the parties or orally before the court, the court, upon a motion, may enter judgment pursuant to the terms of the settlement.[5] The court retains jurisdiction to enforce a settlement under the statute even after a dismissal, but only if the parties requested such a retention of jurisdiction before the dismissal. (*Ibid.*) Such a request must be made either in a writing signed by the parties or orally before the court. (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439–440 [118 Cal.Rptr.2d 502].)

■ A court ruling on a motion under Code of Civil Procedure section 664.6 must determine whether the parties entered into a valid and binding settlement. (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360 [60 Cal.Rptr.3d 693]; *Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1189 [213 Cal.Rptr. 790]; see *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 905, 911 [30 Cal.Rptr.2d 265, 872 P.2d 1190].) A settlement is enforceable under section 664.6 only if the parties agreed to all material settlement terms.[6] (*Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1430–1432 [129 Cal.Rptr.2d 41]; *Weddington Productions, Inc. v. Flick, supra*, 60 Cal.App.4th at pp. 811–813.) The court ruling on the motion may consider the parties' declarations and other evidence in deciding what terms the parties agreed to, and the court's factual findings in this regard are reviewed under the substantial evidence standard. (*Marriage of Assemi, supra*, at p. 911, *Casa de Valley, supra*, at pp. 1189–1190.) If the court determines that the parties entered into an enforceable settlement, it should grant the motion and enter a formal judgment pursuant to the terms of the settlement.

---

[5] "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Code Civ. Proc., § 664.6.)

[6] A court receiving a settlement should help to ensure that the material terms of the settlement are explicitly defined and that the parties understand and agree to be bound by those terms. (See *In re Marriage of Assemi, supra*, 7 Cal.4th at p. 911.)

(*Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 995 [203 Cal.Rptr. 356].) The statute expressly provides for the court to "enter judgment pursuant to the terms of the settlement." (Code Civ. Proc., § 664.6.)

### 2. *The Order, As Amended, Is Appealable As a Judgment*

The court here granted the motion under Code of Civil Procedure section 664.6, but failed to enter a formal judgment. Absent a formal entry of judgment, an appellate court may amend an order to include a judgment if the effect of the order is to finally determine the rights of the parties in the action. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698–700 [107 Cal.Rptr.2d 149, 23 P.3d 43].) We conclude that the effect of the order here was to finally determine the rights of the parties in this action by enforcing the settlement agreement. Accordingly, we will amend the order to include an appealable judgment so as to expedite appellate review.

### 3. *Lukes Has Not Shown That the Court Refused to Consider the Merits of Her Opposition*

An appealed judgment is presumed correct, and the appellant must affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Ibid.*)

Lukes has not shown that the trial court refused to consider her arguments in opposition to the motion for entry of judgment pursuant to a settlement. The court's statements regarding its limited jurisdiction followed argument by Lukes concerning the merits of the complaint and the parties' discussion concerning the issues that they were unable to resolve in the mediation. We construe the court's statements regarding its limited jurisdiction to mean that the court understood that it had no authority to revisit the merits of the complaint or to remake the settlement. Although the court stated that its only jurisdiction was "to enforce the terms and conditions of the settlement," it also stated that it would consider the moving and opposing papers, "and go from there."[7] Absent an affirmative showing that the court concluded that it had no authority to deny the motion and refused to consider the merits of the opposition, we conclude that the court properly considered the merits and that Lukes has shown no error in this regard.

---

[7] The court stated at the hearing on April 19, 2007: "In a way, I wish I could re-mediate this, but I can't. I don't have the jurisdiction to do it, and I'm not a mediator. I can't go into the substance of the dispute. I can't go into the timing issue. I can't go into the type of material to be used. All I can do is look at the transcript. That's all I can do at this point; look at your moving papers, look at your opposition papers, and go from there."

### 4. *Lukes Has Shown No Basis to Relieve Her of Her Settlement Obligations*

Lukes argues that Hines waived the right to enforce the settlement by failing to perform his settlement obligations. She cites the rule that a party who fails to perform a condition precedent generally cannot require another party to perform his or her contract obligations. (Civ. Code, § 1439; Code Civ. Proc., § 457.) She argues that Hines failed to (1) dismiss his complaint with prejudice, (2) complete his resurfacing within one year, or (3) allow her to park in the easement area, all as required by the terms of the settlement. She fails to explain, however, why any of those obligations was a condition precedent (see Civ. Code, § 1436) to the performance of any of her settlement obligations. The terms of the oral settlement as recorded in the reporter's transcript do not indicate that any of the items specified by Lukes was required to be performed before any part of her performance became due.

Lukes also argues that Hines waived the right to enforce the settlement under Code of Civil Procedure section 664.6 by failing to state in the second civil harassment proceeding, in response to the court's request, that she intended to move to enforce the settlement under the statute.[8] The court stated at the beginning of the trial in that proceeding: "Now, this is the time for trial of the civil harassment case. I'm waiting to hear if anyone is making a motion under 664.6. I think for me to take any action in that case, it requires a motion. Hearing none, I'll proceed with the civil harassment case." At the conclusion of trial, the court stated: "I asked at the outset whether anyone was interested in enforcing the settlement agreement, but no one was. So I'm left with the civil harassment action as a means to bring an end to this dispute." The court described the terms of a restraining order to be issued and stated that the order "could have been made to enforce the settlement in the LC case, but no one asked for it." Hines did not state that he waived the right to enforce the settlement under section 664.6, and we do not regard Hines's failure to state in the civil harassment trial that he intended to move to enforce the settlement in the present action as a waiver or relinquishment of his right to do so.

Lukes argues further that Hines prevented her performance by refusing to provide his written consent, as the property owner, to resurface the driveway.[9] She cites the rule that a party's prevention of performance by

---

[8] Lukes cites no legal authority in support of her perfunctory argument on this point. An issue presented in that fashion does not merit extensive discussion in an appellate opinion, so our discussion of the issue is brief.

[9] Lukes also argues that Hines prevented her performance by removing survey markers that delineated the easement area, and that he built a wall that encroaches on the easement area. Lukes neither argued nor presented evidence to the trial court on these issues. Because these

another party excuses the nonperformance. (Civ. Code, § 1511, subd. 1.) The effect of this rule is that the nonperformance does not constitute a breach of contract and does not give rise to a remedy for breach of contract. (*Ninety Nine Investments, Ltd. v. Overseas Courier Service (Singapore) Private, Ltd.* (2003) 113 Cal.App.4th 1118, 1135 [6 Cal.Rptr.3d 891]; *Taylor v. Sapritch* (1940) 38 Cal.App.2d 478, 481–482 [101 P.2d 539].) The statutory language makes it clear, however, that a party moving for the entry of judgment pursuant to a settlement under Code of Civil Procedure section 664.6 need not establish a breach of contract to support relief under the statute. Accordingly, the court was authorized to enter a judgment pursuant to the settlement regardless of whether Lukes's nonperformance of her settlement obligations was excused.

### 5. *The Appealed Order Does Not Accurately Reflect the Parties' Agreement*

■ The order granting the motion for entry of judgment pursuant to a settlement states some of the settlement terms, but omits others. The order does not include the terms relating to resurfacing by Hines, the insurers' payment for that work, the placement of Lukes's garbage cans, the parking of Lukes's and her visitors' vehicles, or the mutual release.[10] Although Lukes does not argue in her appellant's opening brief that the order is incomplete, it seems apparent that the failure to enter a judgment reflecting all of the material terms of settlement that have yet to be fully performed could defeat the purposes of the settlement and spawn further litigation. We conclude that by omitting material terms of the settlement, the order fails to accurately reflect the parties' agreement and therefore fails to comply with Code of Civil Procedure section 664.6.

The trial court on remand must enter a new judgment pursuant to the terms of the settlement, setting forth all of the material terms that have yet to be fully performed. In the interest of clarity, the judgment should state those terms clearly and concisely, rather than quote an extended colloquy from the reporter's transcript. If the court finds that the parties failed to agree to all material terms, there is no enforceable settlement so the court must deny the motion for entry of judgment pursuant to a settlement.

---

issues were not presented to the court ruling on the motion, we will not consider them for the first time on appeal. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847 [60 Cal.Rptr.2d 780].) Lukes argues for the first time in her reply brief that the settlement agreement is unenforceable because the parties failed to agree on how to obtain a building permit for her resurfacing. Lukes failed to raise this issue below or in her opening brief, so we will not consider it. (*Ibid.*; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [60 Cal.Rptr.2d 770].)

[10] The settlement provisions concerning mutual dismissals with prejudice and required mediation apparently are moot in light of the dismissal by the court and the completed mediation.

## *DISPOSITION*

The appealed order is modified to include an appealable judgment. That judgment is reversed with directions to the trial court to either enter a formal judgment setting forth all of the material settlement terms that have yet to be fully performed or, if the court finds that the parties failed to agree to all material terms, deny the motion for entry of judgment pursuant to a settlement. The stay of trial court proceedings will be lifted as of the date of the filing of the remittitur herein. Lukes is entitled to recover her costs on appeal.

Klein, P. J., and Kitching, J., concurred.