Filed 9/7/22  Darquea v. Baev CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES A. DARQUEA et al.,<br>        Plaintiffs, Cross-defendants and<br>        Respondents,<br>v.<br><br>IVAN BAEV et al.,<br>        Defendants, Cross-complainants<br>        and Appellants. | A165824<br><br>(Santa Clara County<br>Super. Ct. No. 17CV318460) |

The trial court granted Charles and Patricia Darquea's (plaintiffs) motion to enforce a settlement agreement (Code Civ. Proc., § 664.6) but stayed further proceedings on plaintiffs' complaint and on Ivan and Svetla Baev's (defendants) cross-complaint until the parties completed their obligations under the agreement.  Defendants appeal the order enforcing the agreement.  We conclude the order is not appealable and dismiss the appeal.[1]

---

[1] Undesignated statutory references are to the Code of Civil Procedure. Because we dismiss the appeal without deciding its merits, defendants do not have a right to oral argument, and we consider it unnecessary to our procedural ruling.  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254; *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871.)

1

## BACKGROUND

Plaintiffs and defendants own adjoining property on a hillside in San Jose. Defendants' property is downslope from plaintiffs' property. A concrete retaining wall separates the properties. In 2017, plaintiffs filed a complaint against defendants alleging claims for nuisance, negligence, and declaratory and injunctive relief. According to the complaint, defendants planted trees abutting the wall; these trees blocked plaintiffs' view and compromised the structural integrity of the wall. The complaint also alleged defendants damaged the wall by cutting into the concrete footing. Plaintiffs sought damages, a judicial declaration of the parties' rights and responsibilities regarding the trees and the wall, and an order requiring defendants to remove the trees and repair the wall.

In May 2018 — and before defendants answered the complaint — the parties mediated their dispute and entered into a settlement agreement. The agreement requires defendants to hire a structural engineer to inspect the retaining wall "and prepare a report on the fixes necessary to ensure the wall's structural integrity." The parties will share the cost of repairing "structural issues" but must bear their own costs to remedy "issues other than the wall itself (e.g., backfill on [plaintiffs'] property or roots from trees on [defendants'] property)" that are "threatening the wall." The agreement also requires defendants to obtain bids from contractors for the "cost of remediation," and it outlines a process the parties must follow to select the bid. If the remediation cost identified by the structural engineer exceeds $30,000, the parties may "opt out" of the agreement and pursue legal remedies regarding the "wall . . . and tree issues." But if the remediation cost is $30,000 or less, "the remediation work shall go forward."

2

The settlement agreement provides that "if the parties agree on remediation" of the retaining wall, they must enter into an easement in favor of plaintiffs "to maintain and trim trees in order to provide for a view from" the decks on plaintiffs' property. The agreement specifies that should any dispute arise from the terms of the agreement, the parties will resolve the dispute through arbitration, with the prevailing party to recover attorney fees and costs. Finally, the agreement states that following "the full satisfaction of the contingencies and execution of the provisions set forth above, the action shall be dismissed with prejudice."

Between 2018 and 2020, the parties made efforts to comply with the settlement agreement. Defendants hired a structural engineer, agreed to his scope of work, and promised to allow the engineer to inspect the retaining wall and prepare a report on the fixes necessary to ensure the wall's structural integrity. But in May 2020, defendants — represented by new counsel — claimed the settlement agreement was unenforceable, and they refused to permit the structural engineer to access their property. Thereafter, defendants answered plaintiffs' complaint.

Defendants also filed a cross-complaint against plaintiffs for nuisance, trespass, and declaratory and injunctive relief. The nuisance and trespass causes of action alleged plaintiffs damaged the retaining wall by making "unpermitted additions" to the property, installed cameras and lights pointed at defendants' property, and allowed contractors to walk along the shared property line and to look into — and throw trash on — defendants' property. According to the cross-complaint, these "harassing" actions constituted a trespass and a nuisance.

Thereafter, plaintiffs moved to enforce the settlement agreement and to strike defendants' answer and cross-complaint. Defendants opposed the

3

motion and offered a supporting declaration stating their cross-complaint contained "many additional issues" beyond the scope of the settlement agreement, including claims for nuisance and trespass.

The trial court granted plaintiffs' motion to enforce the settlement agreement and ordered defendants to comply with its terms. It determined the agreement was enforceable, and that defendants breached the agreement by filing the cross-complaint and by refusing to allow the structural engineer to inspect their property. The court stayed further proceedings — and declined to rule on plaintiffs' motion to strike defendants' answer and cross-complaint — until the parties completed "performance of their obligations under the . . . agreement."

## DISCUSSION

Defendants contend the trial court erred by granting plaintiffs' motion to enforce the settlement agreement. But a threshold issue — one we are dutybound to consider — is whether the order is appealable. As we explain, it is not.

We have jurisdiction "over a direct appeal . . . only where there is an appealable order or judgment." (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765.) Under the one final judgment rule, an "appeal may be taken only from a final judgment, and a judgment that disposes of fewer than all of the causes of action of the pleadings is not yet final for purposes of appeal." (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1507.) Without an appealable order or judgment, we must dismiss the appeal. (*Katzenstein*, at p. 769.)

Section 664.6 authorizes a trial court to enforce a settlement agreement. (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.) When

4

a motion is brought pursuant to section 664.6, the court must determine whether the settlement agreement is valid and binding.  If the court determines the agreement is enforceable, "it should grant the motion and enter a formal judgment pursuant to the terms of the settlement."  (*Hines*, at pp. 1182–1183; § 664.6, subd. (a).)  A judgment entered pursuant to section 664.6 is appealable.  (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1251–1252.)

Here, the trial court granted plaintiffs' motion to enforce the settlement agreement but it did *not* enter a judgment pursuant to section 664.6.  Defendants urge us to overlook the absence of a formal judgment — they insist "an appellate court may amend an order to include a judgment if the effect of the order is to finally determine the rights of the parties in the action."  (*Hines v. Lukes*, *supra*, 167 Cal.App.4th at p. 1183.)  Courts have employed such an approach when an order enforcing a settlement agreement finally concludes the litigation but inadvertently fails to include a judgment (*id*. at pp. 1180–1181) or when there are "no further matters to be determined in the case."  (*Critzer v. Enos*, *supra*, 187 Cal.App.4th at p. 1252.)

We decline defendants' invitation to amend the order to include an appealable judgment.  The trial court's order deems the settlement agreement enforceable, but it does *not* resolve all remaining issues between the parties.  Instead, the order stays proceedings on the complaint and cross-complaint until the parties complete "performance of their obligations under the settlement agreement."  The parties' obligations under the agreement depend on the remediation cost for the work recommended by the structural engineer.  If the cost for the work does not exceed $30,000, the work will commence with the parties sharing the cost.  If the cost exceeds $30,000, however, either party may "opt out" of the agreement "and pursue legal

5

remedies regarding . . . the wall . . . and tree issues." Thus, the order impliedly contemplates the possibility of further judicial action, particularly if the parties opt out of the settlement agreement.

Moreover, irrespective of the parties' obligations under the settlement agreement, additional issues "remain for further consideration." (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293.) Defendants acknowledge their cross-complaint poses "many additional issues" beyond the scope of the settlement agreement and they suggest those may need to be litigated. (*Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 698 ["presence of an unresolved cross-complaint defeats appealability"].) Consider, for example, the nuisance and trespass causes of action in defendants' cross-complaint. Defendants allege plaintiffs installed surveillance cameras and lights pointed at defendants' property, and that plaintiffs allowed contractors to throw trash on the property. Plaintiffs dispute those allegations. The order does not resolve these claims; rather, it defers consideration of them until the parties perform their obligations under the agreement.

In sum, we conclude the trial court's order is not a final determination of the parties' rights, nor was it so intended. Accordingly, we decline to amend the order to include an appealable judgment. (Cf. *Critzer v. Enos*, *supra*, 187 Cal.App.4th at p. 1252.)

In urging us to reach a contrary conclusion, defendants offer several arguments. None are persuasive. For example, defendants suggest the order's references to section 664.6 indicate the trial court was aware it "had the authority to make a final decision and determine the rights of the parties as the trier of fact." This misses the point because — as we have explained — the order disclaims an intention to make a final decision on the complaint and cross-complaint. Defendants also assert the court's finding that they

6

breached the settlement agreement by filing the cross-complaint demonstrates the court "considered the matter fully determined and adjudicated." But this begs the question: if the court believed the matter was fully resolved, why didn't it issue a judgment enforcing the settlement agreement *and* dismissing the complaint and cross-complaint? The only plausible answer is the court "deliberately reserve[d] for future determination" the claims asserted in the complaint and cross-complaint. (See *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 308.)

We also decline defendants' request to treat the purported appeal as a writ petition. Defendants have not identified any "extraordinary or compelling reason for us to consider [their] appeal as a writ petition." (*Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 146, fn. 6.) The polices underlying the one final judgment rule — among them that piecemeal appeals are costly, time consuming, and potentially futile — support dismissal here. (*Katzenstein v. Chabad of Poway*, *supra*, 237 Cal.App.4th at p. 770 & fn. 17.) "[D]ismissal of the appeal is the appropriate action." (*Brown*, at pp. 146–147, fn. 6.)

## DISPOSITION

The appeal is dismissed. The parties are to bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

7

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

A165824