Filed 4/23/25  Dumas v. Escamilla CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TED DUMAS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MARY ESCAMILLA,<br><br>        Defendant and Respondent. | E083252<br><br>(Super.Ct.No. PSC1601974)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.  Dismissed.

Ted I. Dumas, in pro. per., for Plaintiff and Appellant.

The Law Office of Simon A. Housman, Simon A. Housman; Bochnewich Law Offices, and Peter M. Bochnewich for Defendant and Respondent.

Plaintiff Ted Dumas appeals from an order granting defendant Mary Escamilla's motion to enforce a settlement agreement under Code of Civil Procedure section 664.6

(unlabeled statutory references are to this code). We conclude that the order is not appealable, and we accordingly dismiss the appeal.

BACKGROUND

In 2016, Dumas filed a complaint against Escamilla. The complaint is not included in the record on appeal. In April 2019, the trial court held a mandatory settlement conference at which the parties reached a settlement, the terms of which were read into the record.

At the hearing, counsel for both parties appeared in court, and both Dumas and Escamilla appeared telephonically. Both attorneys indicated that they had briefed their clients on the terms of the settlement agreement, and Dumas and Escamilla confirmed that had happened. The court told the parties that "the terms of the settlement" would be recited, after which the court would "ask each of [the parties] if [they] approve the settlement." The court cautioned: "If you approve of the settlement here in open court, you are bound by it. That means you cannot change your mind." The court asked both parties if they understood, and both indicated that they did.

Escamilla's attorney read the terms of the settlement agreement into the record, including that "Mr. Dumas will sell lots 3 and 6 to Ms. Escamilla. The sale price will be $125,000; $65,000 down payment payable at close of escrow." Counsel concluded with: "The parties will execute a settlement—a formal settlement agreement, including a mutual general release of all claims, known and unknown, a waiver of Civil Code section

2

1542. [¶] The Court will retain jurisdiction to enforce the settlement. [¶] And the Complaint will be dismissed with prejudice upon execution of the settlement agreement."

After Escamilla's counsel recited those terms, the court asked Escamilla if she understood and agreed to all of the terms, and she stated that she did. The court asked Dumas if he "hear[d] the terms as articulated by the attorney?" Dumas responded: "Yes. The only thing I was confused about—" The court reporter interrupted and indicated that they could not understand Dumas, so the court instructed Dumas to speak louder. Dumas said: "They're right across. The gun club does not go between two pieces. It goes between the Escamilla property and the—" The court interjected: "Mr. Dumas, you are not agreeing to any particular route. You're just agreeing that no lot will be isolated and all lots will have access." Dumas responded: "Okay. Yeah. I was just concerned about the right-of-way to the property that the Escamillas are going to have. Yes, I agree, Your Honor."

According to the superior court's register of actions, Dumas moved to enforce the settlement agreement under section 664.6 in 2020. The moving papers are not included in the record on appeal. The court denied the motion.

Two years later, Escamilla moved to enforce the settlement agreement under section 664.6. She learned that Dumas had listed his property for sale online. Escamilla attested that the terms of the settlement stated on the record at the April 2019 hearing reflected her understanding of the settlement agreement. Dumas, who was then representing himself, opposed the motion.

3

In January 2024, the trial court issued a tentative ruling, indicating that it was inclined to grant the motion. Neither party requested oral argument, so the tentative ruling became the final ruling of the court.

The order granting the motion provides as follows: At the April 2019 hearing, the parties entered a valid and binding oral agreement. "[T]here is no dispute between the parties that a settlement agreement was made or the Settlement Transcript created; that the parties orally consented to entry of a settlement agreement, and that this Court retained jurisdiction to enforce the settlement under" section 664.6. The court described the parties' settlement terms as: (1) Dumas was "Ordered" to sell two specified real properties to Escamilla for $125,000 with a $65,000 down payment payable at the close of escrow and with Dumas carrying the balance of $60,000 payable in monthly increments of $1,375 until the balance was fully paid; (2) "The debt shall be memorialized in a promissory note secured with a first deed of trust, which documents shall be completed and exchanged between the settling parties with[in] thirty (30) days hereof"; and (3) "The parties shall open an Escrow." The court set forth numerous steps that the parties would be required to take concurrent with the close of escrow, including each party deeding the other specific easements. The court retained jurisdiction "for any further enforcement of this Order that may be necessary" and did not enter judgment.

## DISCUSSION

The existence of an appealable order or "judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) We are independently

4

obligated "'in this as in every matter to confirm whether jurisdiction exists.'" (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) If an "order is not appealable, we must dismiss the appeal." (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.)

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Section 904.1 "lists appealable judgments and orders" in civil cases. (*Dana Point*, at p. 5.) Section 904.1 codifies "the one final judgment rule," which provides that an appeal is generally only allowable from a final judgment. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756). Prejudgment orders generally "'are not appealable but are "reviewable on appeal" from the final judgment.'" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293 (*Doran*).) Section 904.1 sets forth exceptions to the one final judgment rule and identifies prejudgment orders that are appealable. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 780.) An order granting a motion under section 664.6 is not included among the appealable prejudgment orders listed in section 904.1. (§ 904.1., subd. (a)(1)-(14).)

Escamilla argues that the appeal should be dismissed because judgment has not been entered and the order granting her motion to enforce the settlement agreement is not appealable. We agree. No judgment has been entered in this case. Nevertheless, in determining whether an "order is interlocutory and nonappealable, or final and appealable," we analyze "the substance and effect of the adjudication, and not the form." (*Doran*, *supra*, 76 Cal.App.4th at p. 1293; *Dana Point*, *supra*, 51 Cal.4th at p. 5.) "If no

5

issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory" and not appealable unless it is otherwise statutorily appealable. (*Doran*, at p. 1293.) Dumas does not argue that the trial court's order "finally determined the rights of the parties." (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1252 (*Critzer*).) We conclude that it did not.

Much remains left to be resolved between the parties, such as the opening of an escrow, the execution of a promissory note, the payment of the down payment, and the exchange of deeds granting certain easements. The court expressly retained jurisdiction to oversee enforcement of the parties' compliance with the terms of the settlement. This consequently is not a case in which the trial court merely failed to enter a formal judgment but at the same time left no issues for future consideration, allowing us to "amend [the] order to include a judgment." (*Critzer*, *supra*, 187 Cal.App.4th at p. 1252; *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1183.) Rather, the January 2024 order granting Escamilla's motion under section 664.6 did not finally dispose of all issues and thus is not appealable.

Dumas's only argument about appealability is that the order is appealable under subdivision (a)(2) of section 904.1 (§ 904.1(a)(2)). The provision is inapplicable, because section 904.1(a)(2) makes appealable "an order made after a judgment." No judgment has been entered in this case, so the appealed order is not a postjudgment order.

## DISPOSITION

The appeal is dismissed.  Escamilla shall recover her costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.