[No. B191204. Second Dist., Div. Six. June 12, 2007.]

MICHAEL OSUMI, Plaintiff and Appellant, v.
BILL SUTTON, Defendant and Respondent.

**COUNSEL**

Law Offices of Ivan K. Stevenson and Ivan K. Stevenson for Plaintiff and Appellant.

Arnold Henry Lancaster for Defendant and Respondent.

**OPINION**

**YEGAN, Acting P. J.**—Strong public policy in favor of the settlement of civil cases gives the trial court, which approves the settlement, the power to enforce it. In ruling on a motion to enforce settlement, it necessarily has the power to resolve factual disputes relating to the agreement. Here, for example, it has the power to extend the deadline for performance in favor of a party who is not at fault and against a party who is at fault.

Michael Osumi (Appellant) appeals from the trial court's orders granting Bill Sutton's (Respondent) motion to enforce their settlement agreement, denying Appellant's motion to enforce the same agreement, awarding Respondent attorney fees and denying Appellant's motion for reconsideration of those rulings. We affirm.

*Facts*

Appellant bought a house from Respondent in 2001. He later sued for breach of contract and other causes of action arising out of alleged defects in the construction of the house. The parties reached a settlement, which they

placed on the record during a hearing on October 31, 2005, and memorialized in a written "stipulation for resolution and dismissal" filed the same day. The settlement agreement required Respondent to buy the house back from Appellant for $937,500 with a closing date no later than January 31, 2006. It required the parties to execute mutual releases and a real property purchase agreement, both of which had yet to be drafted. The parties also agreed that the settlement could be enforced pursuant to Code of Civil Procedure 664.6.[1]

Delays occurred in finalizing the mutual releases and closing the real estate transaction. Respondent wanted a third party, Walt Clelland, to purchase the property; Appellant demanded that Respondent guarantee Clelland's performance. He agreed to do so. On January 24, 2006, Appellant signed the mutual release that Respondent had forwarded to the title company. He did not sign the residential purchase agreement, however, because he contended that the purchase agreement required him to make some repairs that Appellant contended were beyond the scope of the settlement agreement. Appellant prepared a "counteroffer" removing the terms that were objectionable to him and attaching "a listing of reports and documentation indicating and outlining the problems with the house . . . ."

Respondent and Clelland did not consent to the changes. They were concerned that they would be unable to get financing for the $937,500 purchase price if documents "indicating and outlining" construction defects were attached to the purchase agreement. Respondent and Clelland did not sign the purchase agreement or deposit the purchase price into escrow by the January 31, 2006 deadline.

Appellant filed a motion to enforce the settlement in which he asked the trial court to enter judgment on the settlement agreement and order Respondent to pay the purchase price, legal interest from January 31, Appellant's attorney fees and other costs. About five days later, Respondent filed his own motion to enforce the settlement agreement. Respondent requested an order that Appellant sign the purchase agreement without the counteroffer attached.

The trial court ordered all parties to sign the purchase agreement with a revised counteroffer attached. The revised counteroffer deleted Appellant's obligation to make repairs, emphasized that the house was being sold "as is," and neither referred to nor attached Appellant's "reports and documentation" concerning construction defects. The trial court ordered a new closing date of April 10, 2006, and ordered Appellant to pay Respondent's attorney fees and costs of $2,350.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Appellant filed a motion for reconsideration in which he contended that the trial court's initial order improperly altered the terms of the settlement agreement, failed to enforce Respondent's personal guaranty, and ordered Appellant to pay costs that had already been addressed in the settlement agreement. Appellant asked the trial court to enter a new order awarding him fees and costs of $22,906.85.

Before the hearing on Appellant's motion for reconsideration, the real estate transaction closed. Appellant received $937,500 and Clelland and Respondent received title to the property.

The trial court denied Appellant's motion for reconsideration, reasoning that, "There were a lot of details and things that had to occur before the settlement agreement could be effected having to do with the purchase of real property. And I think [the prior trial court judge] was making an attempt to assess the good-faith attempts by both parties to effect the settlement. And it appears to me that he made the judgment that the settlement could not be effected because of these intervening events that occurred. [¶] And I guess from [Appellant's] point of view . . . [the prior trial court judge] altered [the settlement agreement] in the sense that he altered the dates that it had to be completed . . . . But in effect the settlement agreement was ultimately accomplished and the settlement was effected. The property was sold and purchased as required. [¶] And it seems to me that what you're really arguing for are some costs from January to April. And I think [the prior trial court judge's] decision has to stand. And so I'm denying your motion to reconsider . . . ."

## Discussion

Appellant contends on appeal that the trial court erred in its rulings on the motions to enforce the settlement agreement and in its ruling on the motion for reconsideration. He contends the trial court lacked authority under section 664.6 to impose a new closing date for the real estate transaction, order alterations in the counteroffer or award costs to Respondent. We are not persuaded.

■ It is, of course, the strong public policy of this state to encourage the voluntary settlement of litigation. (See, e.g., *Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 270 [276 Cal.Rptr. 321, 801 P.2d 1072]; *Tower Acton Holdings v. Los Angeles County Waterworks Dist. No. 37* (2002) 105 Cal.App.4th 590, 602 [129 Cal.Rptr.2d 640]; *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177 [110 Cal.Rptr.2d 111].) To that end, the law treats as confidential statements made during settlement negotiations (*Tower Acton Holdings, supra,* 105 Cal.App.4th at p. 602), provides

financial incentives for settlement (see, e.g., *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 494 [213 Cal.Rptr. 256, 698 P.2d 159] [§ 877]; *Poster v. Southern Cal. Rapid Transit Dist., supra,* 52 Cal.3d at p. 270 [§ 998]), and provides, in section 664.6, an expedited procedure for enforcing a settlement once it has been agreed upon. (*Kohn v. Jaymar-Ruby, Inc.* (1994) 23 Cal.App.4th 1530, 1535 [28 Cal.Rptr.2d 780].)

■ Section 664.6 permits the trial court judge to enter judgment on a settlement agreement without the need for a new lawsuit. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809–810 [71 Cal.Rptr.2d 265].) It is for the trial court to determine in the first instance whether the parties have entered into an enforceable settlement. (*Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1428–1429 [129 Cal.Rptr.2d 41].) In making that determination, "the trial court acts as the trier of fact, determining whether the parties entered into a valid and binding settlement. [Citation.] Trial judges may consider oral testimony or may determine the motion upon declarations alone. [Citation.] When the same judge hears the settlement and the motion to enter judgment on the settlement, he or she may consult his [or her] memory. [Citation.]" (*Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1454 [33 Cal.Rptr.3d 603].) The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 "are subject to limited appellate review and will not be disturbed if supported by substantial evidence." (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162 [64 Cal.Rptr.2d 571].)

■ "Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment [citations], nothing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon." (*Weddington Productions, Inc. v. Flick, supra,* 60 Cal.App.4th at p. 810, original italics.) Once the parties have reached a settlement, however, they "may not escape their obligations by refusing to sign a written agreement that conforms to the oral terms." (*Elyaoudayan v. Hoffman, supra,* 104 Cal.App.4th at p. 1431.) Consistent with the venerable substantial evidence standard of review, and with our policy favoring settlements, we resolve all evidentiary conflicts and draw all reasonable inferences to support the trial court's finding that these parties entered into an enforceable settlement agreement and its order enforcing that agreement.

■ The trial court here did not create a material term of the settlement or otherwise err when it extended the closing date for the real property

transaction. Appellant's section 664.6 motion argued that Respondent had breached the settlement agreement by failing to deposit the purchase price into escrow by January 31, 2006. He asked the court to enter a judgment on the settlement agreement and award legal interest on the purchase price from February 1, 2006. This was, in effect, a request for specific performance of the settlement agreement. The judgment Appellant requested would have required Respondent to pay Appellant $937,500 in exchange for "marketable title" to the property and mutual releases. Respondent's section 664.6 motion sought the same relief, on the ground that Appellant breached the settlement agreement by making a last-minute counteroffer that attached extraneous documents to the purchase agreement. Of course, by the time the motions came on for hearing, the closing date had passed. To grant the relief sought by both parties, the trial court had to impose a new closing date.

Nor can we conclude the trial court erred when it ordered Appellant to sign a purchase agreement that incorporated a revised counteroffer. The final agreement removed Appellant's obligation to perform the repairs to which he had objected and provided that the property was being sold "as is." It differed from Appellant's own counteroffer only in that it removed the "reports and documentation" of alleged construction defects from the purchase agreement. The trial court correctly ordered their removal. The settlement agreement required Appellant to deliver "marketable title free and clear of any and all liens on title, claims on title, mortgages and taxes." Nothing in the settlement agreement allowed Appellant to document his construction defect claims by making unchallenged evidence of those alleged defects a part of the purchase agreement itself.

Finally, the trial court did not err in refusing to award Appellant interest from the original closing date or his costs or attorney fees. The settlement agreement provides: "In the event of a breach of this agreement, the prevailing party shall be entitled to their reasonable attorneys fees and costs." When the trial court ordered Appellant to pay Respondent's fees and costs, it impliedly found that Appellant was the breaching party and Respondent the prevailing party. This finding is supported by substantial evidence. Appellant was the party who interjected the counteroffer and "reports and documentation" into the transaction only days before the original closing date. The trial court could properly infer that, without these extraneous documents, the transaction would have closed in a timely manner. In sum, Appellant delayed the closing; he was correctly ordered to pay the cost of his obstructive behavior. There was no error.

*Conclusion*

The order on motions to enforce settlement agreement and order re: plaintiff's motion for reconsideration are affirmed. Costs to Respondent.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 29, 2007, S154512.