Filed 12/17/20 Boykin v. Premier Universal, Inc. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THELMA BOYKIN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PREMIER UNIVERSAL, INC.,<br><br>Defendant and Appellant. | F078689<br><br>(Super. Ct. No. VCU267783)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County. David C. Mathias, Judge.

Starr Warson for Defendant and Appellant.

Law Office of A.L. Hinton and Alicia L. Hinton for Plaintiff and Respondent.

-ooOoo-

In this action for remedies under consumer warranty statutes regarding a used car purchased by plaintiff Thelma Boykin, the parties were able to reach a settlement of the entire case at a pretrial settlement conference. The settlement was in the form of an oral stipulation placed on the record by counsel before the trial court (the stipulation). The stipulation provided for certain relief to plaintiff but reserved the issue of recovery of attorney fees for a subsequent motion. The stipulation also stated, "there will be no

prevailing party status." Plaintiff subsequently filed a motion for attorney fees on the ground that she was the prevailing party.[1] Defendants Premier Universal, Inc., doing business as Premier Auto Sales (Premier), Mechanics Bank also known as California Republic Bank, and Hudson Insurance Co. (together defendants) filed opposition to the motion arguing that the language of the stipulation precluded plaintiff from being the prevailing party. The trial court rejected that argument. In its order on plaintiff's motion for attorney fees, the trial court harmonized the apparently conflicting terms of the stipulation, deemed plaintiff to be the prevailing party in the action, and granted the motion. Premier now appeals, claiming that under the clear terms of the stipulation there could be no prevailing party, and therefore the trial court erred in awarding attorney fees. We disagree and conclude the trial court properly construed the stipulation. Accordingly, the order of the trial court granting the motion for attorney fees is affirmed.

## FACTS AND PROCEDURAL HISTORY

On December 1, 2016, plaintiff filed a complaint alleging that Premier sold her a used vehicle, a 2005 Toyota Celica, that had major mechanical problems resulting in a complete engine failure only eight days after purchase. Allegedly, the problems were not adequately rectified thereafter, leading plaintiff to seek relief under consumer warranty statutes such as the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq., the Song-Beverly Act) as well as other theories of recovery. The complaint named the following parties as defendants: Premier, as the car dealer that sold her the vehicle; Hudson Insurance Group, as Premier's bonding agent; and Mechanics Bank also known as California Republic Bank, as the lender who provided dealer-arranged financing for plaintiff's purchase of the vehicle.

---

[1]     The motion included a request for an award of costs in addition to attorney fees. For simplicity, we generally refer to it as simply a motion for attorney fees.

2.

The parties engaged in extensive discovery and discovery motions, and a cross-complaint was filed by Premier against plaintiff alleging among other things misuse of the vehicle. The cross-complaint also asserted claims by Premier against LKQ Auto Parts of Central California (LKQ), who supplied a replacement engine for the vehicle. A trial date was ultimately set for July 30, 2018.

On July 13, 2018, at the mandatory settlement conference, the parties negotiated and reached a global settlement of the action. The settlement was in the form of an oral stipulation recited on the record before the trial court and is referred to herein as the stipulation. The terms of the stipulation as placed on the record by counsel and recorded by the court reporter were as follows, with the two provisions on attorney fees and prevailing party status underscored hereinbelow for emphasis:

"Item number one, defendants are to pay Plaintiff $8,000 by check … due no later than July 27th, 2018.

"Item number two, there will be a waiver of the balance of the loan … associated with the vehicle.

"Item number three, [lender] is to request deletion of the trade line associated with the loan for the vehicle.

"Item number four, defendants are to pick up the vehicle from Pro Auto in Fresno, California, at no cost to Plaintiff, within 14 days, or best efforts to retrieve the vehicle sooner.

"Item number five, fees and costs are to be resolved by motion to the Court.

"Item number six, there will be no prevailing party status and no admission of liability.

"Item number seven, there will be a [Civil Code section] 1542 waiver.

"Item number eight, there will be a confidentiality clause as to the financial terms only.

"Item number nine, Plaintiff agrees she will make no comments to the press about this matter or the defendants.

"Item number ten, Plaintiff agrees she will not bring in any claims against LKQ specifically related to this matter."

On September 20, 2018, plaintiff filed a motion for attorney fees. In the motion, plaintiff requested an award of attorney fees and costs based on the relevant provision of the Song-Beverly Act (see Civ. Code, § 1794, subd. (d)) and another statute allowing recovery of attorney fees, on the ground that she was the prevailing party in the action. Premier and the other defendants filed oppositions to the motion for attorney fees, primarily arguing that plaintiff cannot be the prevailing party because the stipulation stated there would be no prevailing party. Further, as Premier's opposition emphasized: "Without a Prevailing Party, there is no statutory provision for recovery of attorney fees or costs. The conclusion is unavoidable."

The trial court heard the motion for attorney fees on October 30, 2018, and after close of oral argument, it took the matter under submission. On November 29, 2018, the trial court issued its order granting the motion. In rejecting the argument that the stipulation prevented plaintiff from being deemed the prevailing party, the trial court explained as follows: "Defendants argue item 6 [i.e., that there will be no prevailing party status] means the parties stipulated and agreed there would be no prevailing party in this litigation. If that were the case, item number 5 [i.e., that fees and costs were to be resolved by motion to the court] would be rendered meaningless as Plaintiff would have no basis to recover attorneys' fees under any theory. There is nothing in the history of this case or in the day long settlement conference which would support Defendants' interpretation. [¶] The court finds the settlement provided that there was no agreement as to a prevailing party. The issue of whether there was a prevailing party was to be determined at a later date as part of Plaintiff's motion for attorneys' fees. This comports with standard practice in similar cases where parties desire to conclude the litigation but cannot agree regarding whether attorneys' fees are recoverable and have not reached

4.

agreement as to an amount of any such fees. The language used by counsel when placing the settlement on the record appeared in all respects to the court that the prevailing party status would be determined at a later date by noticed motion." Having so resolved the interpretation issue in plaintiff's favor, the trial court determined that plaintiff was the prevailing party, and the court then fixed the amount thereof—awarding attorney fees to plaintiff in the sum of $65,000 and costs in the sum of $7,087.40.

Premier timely filed a notice of appeal, challenging the trial court's order granting plaintiff's motion for attorney fees.

## DISCUSSION

### I. Standard of Review

A ruling of the trial court is presumed to be correct on appeal, and thus the burden is on an appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Ambiguities are resolved in favor of affirmance. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631 (*Winograd*).)

The issue before us involves the construction of a stipulation. We observe that a stipulation is a form of contract, and its construction is ordinarily governed by the usual rules of construction of contracts. (*Winograd*, *supra*, 68 Cal.App.4th at p. 632.) Where the construction of a contractual term is raised on appeal, and evidence bearing on that matter is conflicting or admits of more than one inference, the question is one of fact and we apply the substantial evidence test. (*Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 771–772.) On the other hand, where interpretation does not depend on consideration of extrinsic evidence, but merely the written instrument itself, we apply a de novo standard of review. (*St. Paul Mercury Ins. Co. v. Mountain West Farm Bureau Mutual Ins. Co.* (2012) 210 Cal.App.4th 645, 654; *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865–866.)

Here, because we are reviewing the interpretation of an oral stipulation entered on the record by counsel in the course of a settlement conference, the substantial evidence

5.

standard and rule of conflicting inferences apply. That is, we review whether the trial court's ruling as to the meaning of the stipulation was based on reasonable inferences, supported by substantial evidence. If so, we must affirm. (*Winograd*, *supra*, 68 Cal.App.4th at pp. 627, 632–633; cf. *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 905, 911 [when a trial judge interprets and applies a stipulation under Code Civ. Proc., § 664.6, including the construction of disputed terms thereof, the governing standard of review on appeal is substantial evidence].) As explained at length in *Winograd*, a stipulation placed on the record in a conference setting and subsequently transcribed by the court reporter is distinguishable from a "writing" that would be subject to a de novo rule on appeal: "The stipulation in question consists not of a 'writing,' but instead a colloquy on the record between the court and two counsel, occurring in the context of a particular procedural posture which reflected upon the parties' respective motivations. Also considered by the trial judge was evidence of conduct by counsel which, although not disputed, was subject to differing interpretations. Thus although what occurred on the record before Judges Harris and Rothman, what the procedural posture of the case was, and what occurred thereafter among counsel, is not disputed, how to evaluate the import of these events is disputed." (*Winograd*, *supra*, 68 Cal.App.4th at pp. 632–633; see also *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360 [noting that when same judge hears the settlement and the motion to enter judgment on the settlement, he or she may consult his or her recollection of the settlement proceedings].) We agree with *Winograd* and apply it here. Therefore, our standard of review is whether the trial court's ruling as to the meaning of the stipulation was based on reasonable inferences supported by substantial evidence in the record, which record would include not only the language of the stipulation itself but also of the broader context and colloquy between the court and counsel when the stipulation was made.

## II. The Trial Court's Interpretation of the Stipulation Was Proper

In evaluating Premier's assertion that the trial court erred in its construction of the parties' stipulation—a form of contract—we begin by observing the rules applicable to construction of contracts.

The rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the mutual intention of the parties. (*Waller v. Truck Ins. Exchange, Inc*. (1995) 11 Cal.4th 1, 18; Civ. Code, § 1636.) "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638.) " 'Where the language of a contract is clear and not absurd, it will be followed. [Citations.] But if the meaning is uncertain, the general rules of interpretation are to be applied.' [Citations]." (*Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 953.) "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Civ. Code, § 1641.) A contract must receive such an interpretation as will make it operative, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties. (Civ. Code, § 1643.) "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." (Civ. Code, § 1647.)

"The terms of a contract are determined by objective rather than subjective criteria. The question is what the parties' objective manifestations of agreement or objective expressions of intent would lead a reasonable person to believe." (*Winograd*, *supra*, 68 Cal.App.4th at p. 632.) If a contract is capable of two constructions, courts are bound to give such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect. (*Khavarian Enterprises, Inc. v. Commline, Inc.* (2013) 216 Cal.App.4th 310, 318; *Edwards v. Arthur Andersen LLP*, *supra*, 44 Cal.4th at pp. 953–954.) In seeking to give effect to all of the terms of a contract, courts will avoid an interpretation that renders any portion superfluous, void or inexplicable. (*Brandwein*

7.

*v. Butler* (2013) 218 Cal.App.4th 1485, 1507.) "An interpretation which gives effect is preferred to one which makes void." (Civ. Code, § 3541.) Interpretation of a contract must be fair and reasonable, not leading to absurd results. (*California National Bank v. Woodbridge Plaza LLC* (2008) 164 Cal.App.4th 137, 143; *ASP Properties Group, L.P. v. Fard, Inc*. (2005) 133 Cal.App.4th 1257, 1269.)

Applying the above rules of contract interpretation, we conclude the trial court correctly construed the parties' stipulation in this case. As discussed above, the key terms of the stipulation relating to the question at hand were "Item number five" and "Item number six" of the stipulation, which stated as follows: "Item number five, fees and costs are to be resolved by motion to the Court. [¶] Item number six, there will be no prevailing party status and no admission of liability." The interpretation of the stipulation urged by defendants was that, under Item number six, the parties agreed there would be no prevailing party at any time and therefore plaintiff was precluded from being found the prevailing party. The trial court rejected that position, reasoning that to adopt such a construction of the stipulation would render meaningless the corresponding provision in Item number five to resolve the issue of attorney fees and costs by a subsequent motion. In other words, if there could be no prevailing party, Item number five would be pointless or superfluous because there would be no potential basis for recovery of attorney fees. Therefore, interpreting the stipulation in a manner that would make *both* Items number five *and* six effective, meaningful and operative, and to avoid an absurd result, the trial court concluded it was most reasonable to understand Item number six as meaning, in effect, that there was no determination made in the stipulation as to prevailing party status, thereby leaving that status to be resolved in connection with the contemplated motion for attorney fees and costs. According to the trial court, such an interpretation "comports with standard practice in similar cases where parties desire to conclude the litigation but cannot agree regarding whether attorneys' fees are recoverable and have not reached agreement as to an amount of any such fees." Moreover, "[t]he language used by

8.

counsel when placing the settlement on the record appeared in all respects to the court that the prevailing party status would be determined at a later date by noticed motion." We agree with the trial court's analysis and conclusion. The wording of the stipulation is reasonably susceptible to being interpreted in the manner determined by the trial court, and in doing so the trial court appropriately followed the rules of construction by giving meaningful effect to *both* Items number five and six—rather than rendering one of them (i.e., Item number five) superfluous, absurd or inexplicable.

Additionally, looking to the broader context of the colloquy of counsel at the time the stipulation was placed on the record, we note that counsel and the trial court made several clarifying or confirming statements to the effect that all issues were being resolved other than attorney fees and that attorney fees would "be addressed by later motion." Of course, the stipulation itself stated that "fees and costs are to be resolved by motion to the Court." After the stipulation was stated on the record, one or more counsel expressly clarified, in regard to the anticipated attorney fee motion, that defendants would be able to oppose the motion on all grounds and/or that defendants were reserving all rights in defending the attorney fee motion. Further, in accepting the stipulation as a basis for settling the action, the trial court announced the stipulation constituted a "full and final settlement of this matter *with the reservation of attorney fees*." (Italics added.) It was also clearly noted on the record that the anticipated attorney fee motion would be filed by *plaintiff's* counsel. By statute, however, plaintiff would have to be found the prevailing party to recover her attorney fees in this action. (See Civ. Code, § 1794, subd. (d).) As the trial court accurately observed, there would be no point in reserving attorney fee recovery issues if plaintiff was already precluded from such a recovery under the stipulation.[2]

---

[2] Additionally, as the trial court observed from its own recollection of the settlement conference, there was "nothing in the history of this case or in the day long settlement

For all these reasons, despite the parties' rather awkward wording as to the matter of prevailing party status, it is evident that by means of the two related provisions in Items number five and six of the stipulation, the parties reasonably intended that the issue of attorney fee recovery would be resolved by a subsequent motion, and that the issue of prevailing party status was not being determined by the stipulation itself but would be resolved in connection with the subsequent motion.

Based on the foregoing discussion, we conclude the trial court adopted a construction of the stipulation that was reasonable, was consistent with the rules for interpretation of contracts, and was supported by the record and reasonable inferences derived therefrom. Under that construction, the trial court was not prevented by the stipulation from finding that plaintiff was the prevailing party and awarding her attorney fees and costs. Therefore, the order of the trial court granting attorney fees and costs to plaintiff is affirmed.[3]

## III. Other Issues

On December 4, 2019, plaintiff filed a request for judicial notice, asking that we judicially notice the enactment of a new statute (i.e., Civ. Code, § 1459.5) along with certain legislative history. The new law would apparently abrogate an appellate decision (i.e., *Lafferty v. Wells Fargo Bank, N.A.* (2018) 25 Cal.App.5th 398) that was relied on by the trial court as to certain issues (i.e., a limitation on lender liability for attorney fees)

---

conference which would support Defendants' interpretation" that plaintiff was prohibited from being deemed the prevailing party.

[3]     We reject Premier's suggestion that *its interpretation* of the stipulation constituted a judgment which the trial court had to follow based on res judicata. The argument is misplaced because there is no evidence the stipulation had been reduced to judgment pursuant to Code of Civil Procedure section 664.6, and in any event, the trial court was obviously entitled to interpret or construe the stipulation in order to apply its terms at the time of the attorney fee motion. Additionally, we reject this argument because it was not raised in the trial court. (See *Johanson Transportation Service v. Rich Pik'd Rite, Inc.* (1985) 164 Cal.App.3d 583, 588.)

not presently before us.  Because the *Lafferty* decision and/or lender liability issues are not relevant to the sole question before us on appeal—namely, whether the trial court correctly interpreted the parties' stipulation—it is unnecessary to grant judicial notice of these matters.  The request for judicial notice is therefore denied.  (See *People ex rel. Lockyer v. Shamrock Foods Co*. (2000) 24 Cal.4th 415, 422–423, fn. 2 [where the matters for which judicial notice is requested are not relevant to a material issue before the reviewing court, the request is properly denied].)

Plaintiff has also filed a motion to strike all or portions of Premier's reply brief in the present appeal.  That motion is denied.

## DISPOSITION

The trial court's order granting attorney fees and costs to plaintiff is affirmed. Plaintiff is entitled to recover her costs on appeal.


                                                                    MEEHAN, J.

WE CONCUR:


HILL, P.J.


SMITH, J.

11.