Filed 6/14/23  Sedaghat v. Tarzana Health and Rehabilitation Center CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| S. DAVID SEDAGHAT,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>TARZANA HEALTH AND REHABILITATION CENTER et al.,<br><br>        Defendants and Respondents. | B309406<br><br>(Los Angeles County Super. Ct. No. BC700483) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge. Reversed.

S. David Sedaghat, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Suzanne L. Schmidt and Matthew S. Pascale for Defendants and Respondents.

Plaintiff and appellant S. David Sedaghat (David)[1] appeals from the trial court order dismissing the case with prejudice after the trial court granted the motion of defendants and respondents Tarzana Health and Rehabilitation Center and Savaseniorcare Administrative Services, LLC (collectively respondents), to enforce the settlement agreement pursuant to Code of Civil Procedure section 664.6.[2]

In order to avail oneself of the summary procedures in section 664.6 for enforcement of a settlement agreement, it is required (among other things not relevant here) that the settlement agreement must be signed by all parties to the settlement. Since we find the prerequisites of section 664.6 were not satisfied, and no waiver of that requirement was established, we reverse the order and reinstate the action.

## FACTUAL BACKGROUND

Nasser Sedaghat passed away while a resident at respondents' skilled nursing facility. David in propria persona filed a form complaint in April 2018, claiming that Tarzana Health and Rehabilitation Center and Kamran Kamrava, M.D., negligently caused his father's death.

In July 2018, David retained Attorney Steward Levin, who filed a first amended complaint, alleging respondents neglected Nasser Sedaghat's needs, resulting in personal injuries from

---

[1]   We refer to S. David Sedaghat by "David" to avoid confusion with the other plaintiffs, who share the same last name. No disrespect is intended.

[2]   Unattributed statutory references are to the Code of Civil Procedure.

2

multiple falls and bedsores. David, as successor-in-interest to Nasser Sedaghat, pleaded claims for elder abuse, medical malpractice, and negligence. Nasser Sedaghat's three sons, David, Michael Sedaghat, and Allen Sedaghat (collectively, plaintiffs), brought a wrongful death claim.[3]

Dr. Kamrava was dismissed from the action after making successful demurrers to and motions to strike the claims against him in the first and then second amended complaint.

After a full-day mediation a settlement was reached. Respondents drafted the settlement agreement that plaintiffs signed in March 2020. David signed the agreement in his capacity as an individual and as successor-in-interest for Nasser Sedaghat. Respondents did not sign the agreement. Plaintiffs filed a notice of settlement of the entire case on March 16, 2020.

In April 2020 David discharged Attorney Levin and notified opposing counsel that the settlement agreement was "hereby retracted as null." Levin filed a motion to be relieved as counsel, citing the breakdown in his relationship with David, who opposed by arguing that Levin had coerced him into the settlement. The trial court granted Levin's leave to withdraw, finding no prejudice to David.

In July 2020, respondents filed a motion to enforce the settlement, which was joined by plaintiffs Michael and Allen Sedaghat. David opposed, arguing the settlement was the result of coercion and economic duress, respondents were submitting falsified or altered documents, and he had not signed the agreement.

---

[3] Neither Michael Sedaghat nor Allen Sedaghat are parties to this appeal.

3

David filed several motions and ex parte applications to prevent the enforcement of the settlement, all of which were denied. David also filed a motion to disqualify Attorney Levin from representing his brothers, Michael and Allen Sedaghat, arguing that a conflict of interest existed between him and his brothers. This motion was also denied.

On October 16, 2020, the trial court granted respondents' motion to enforce the settlement, finding that each plaintiff had signed the settlement agreement, and that respondents had not signed the settlement agreement. Having found the parties had entered into a valid settlement agreement, the trial court granted the motion pursuant to section 664.6 and dismissed the case with prejudice.

Thereafter David filed three more motions: one to vacate the October 16, 2020 dismissal, a second to vacate the order granting the motion to enforce the settlement, and a third to compel the terms of the settlement. Each was denied.

David filed a timely notice of appeal on November 30, 2020.

## CONTENTION ON APPEAL

David identified six grounds to challenge the dismissal of his case: the denial of his motion to disqualify Attorney Levin, the finding the settlement agreement was valid, the refusal to suspend proceedings, the failure to conduct an evidentiary hearing on undue influence by Levin, and the denial of David's two motions to vacate the dismissal. Respondents argue David forfeited these challenges because he failed to comply with appellate rules and did not present argument and authority on each point.

4

Appellate courts may, and ordinarily do, "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.) Additionally, no error warrants reversal unless the appellant can show injury from the error. (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740.)

The opening brief is unclear and contains many conclusory arguments lacking legal authority or reasoning. We exercise our discretion and consider only David's challenge that the settlement agreement was improvidently enforced as it was not signed by respondents as David cited the legal authority of section 664.6 and offered reasoning by which he reached his conclusion that the dismissal should be reversed.[4] Therefore, we will consider the merits of David's claim, as lack of clarity in the

---

[4]    The court granted the motion under section 664.6 and dismissed the action. The dismissal was not an appealable judgment because the minute order was not signed by the court. (See *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 [an unsigned minute order of dismissal is not effective as a judgment].) The record does not show that a formal judgment was entered. Absent a formal entry of judgment, an appellate court may amend an order to include a judgment if the effect of the order is to finally determine the rights of the parties in the action. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698–700.) We conclude that the effect of the order here was to finally determine the rights of the parties in this action by enforcing the settlement agreement and dismissing the action. Although we reverse, the order can readily be amended to include an appealable judgment so as to expedite appellate review.

5

opening brief does not prevent or unduly complicate our appellate review of the dismissal. We decline to consider David's other issues because they are not supported by pertinent legal authority and reasoning. Any arguments not discussed in this opinion are deemed forfeited.

Respondents argue that David forfeited the issue of dismissal by failing to raise it in opposition to their motion to enforce the settlement. "[P]arties are not permitted to "'adopt a new and different theory on appeal. To permit [them] to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant."'" (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.)

Though David did not raise the issue in opposition to the motion to enforce the settlement, he raised it later when he sought to vacate the order granting the motion to enforce the settlement. Respondents then had the opportunity to address his argument at the trial court and indeed did so by claiming David waived their signatures to the agreement. The trial court noted David's argument about the lack of signatures in its minute order on David's motion, but granted the motion. Therefore, David's theory that the settlement agreement cannot be enforced is not a new and different theory that is "manifestly unjust" to consider on appeal.

## DISCUSSION

### I.     Standard of review

A trial court may grant a motion requesting entry of judgment premised on a settlement agreement in pending litigation if the litigants "stipulate, in a writing signed by the parties outside of the presence of the court . . . for settlement of

6

the case, or part thereof, . . . pursuant to the terms of the settlement." (§ 664.6.) Before judgment can be entered under section 664.6, two key prerequisites must be satisfied. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 797 (*Weddington*).) First, there must be a settlement contract including a meeting between the minds of the parties. "Second, there must be a 'writing signed by the parties' that contains the material terms." (*Ibid.*)

"The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 'are subject to limited appellate review and will not be disturbed if supported by substantial evidence.'" (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360.) We review the trial court's legal conclusions de novo. (*Weddington, supra*, 60 Cal.App.4th at p. 815.)

## II.     There is no evidence the "signed by the parties" condition under section 664.6 was waived

Waiver is "the intentional relinquishment or abandonment of a known right." (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1048, superseded by statute on another ground as noted in *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668.) Waiver "'always rests upon intent.'" (*City of Ukiah v. Fones* (1966) 64 Cal.2d 104, 107.) The intention may be expressed in the party's words or implied from conduct that is "'so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.'" (*Savaglio v. Wal-Mart Stores, Inc.* (2007) 149 Cal.App.4th 588, 598.)

Respondents have not identified evidence in the record establishing David showed an intent to relinquish or abandon the purported right to an agreement "signed by the parties" provided under section 664.6. At oral argument, respondents claimed

7

Vanessa Drake, an attorney for respondents, in her declaration filed in support of respondents' motion to enforce the settlement agreement stated that a waiver occurred. Rather, Drake stated that correspondence confirming the waiver was attached to her declaration. The referenced correspondence being an e-mail from respondents' counsel, Matthew Pascal, to Levin, David's former counsel.

The e-mail states: "To alleviate your clients' concern that defendants do not sign the actual agreement, I informed you that the client will certainly not only make payment but will do so by wire transfer." There is nothing in the e-mail showing that David agreed to waive any right under section 664.6 to a signed agreement.

This e-mail appears to be an effort to reassure David about an unsigned agreement. It is not evidence that David expressly or impliedly intended to relinquish a known right, and, as a result, it is not evidence that David waived the "signed by the parties" requirement in section 664.6.

## III. Section 664.6 requires the signature of all parties to a settlement agreement

The procedures in section 664.6 cannot be used to enforce a written settlement agreement unless it is signed by all of the parties, not merely the parties against whom the agreement is sought to be enforced. (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 304–306.) Due to its summary nature, strict compliance with section 664.6's requirements is necessary to invoke the court's authority to enforce a settlement agreement. (*Sully-Miller Contracting Co. v. Gledson/Cashman Construction, Inc.* (2002) 103 Cal.App.4th 30, 37.) Consequently, if a party seeks to enforce a written agreement under section 664.6, the

party must strictly comply with the section's signature requirement. (*Sully-Miller*, at p. 37.)[5]

In conclusion, we find no substantial evidence that the written agreement at issue here was signed by the parties, as required before the court can exercise its power to enforce the settlement agreement through the summary procedure of section 664.6. As such, we find the motion to enforce the settlement agreement should have been denied.

## DISPOSITION

We reverse the order of dismissal and direct the superior court to reinstate the action. We also reverse the order granting the motion to enforce the settlement and direct the superior court to enter a new order denying that motion.

Appellant is awarded his costs of appeal.

_____
CHAVEZ, Acting P. J.

We concur:

_____          _____
HOFFSTADT, J.                                KWAN, J.*

---

[5]      We do not address whether under different facts a party might be able to waive the signing by another party to the settlement, as we have determined there was no evidence of such waiver here.

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9