Filed 11/16/23  Marriage of Turner CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of CARRIE LYNN and TYLER SAMPSON TURNER. | 2d Civil No. B327782 (Super. Ct. No. D398339) (Ventura County) |
| CARRIE LYNN TURNER, <br><br> Respondent, <br><br> v. <br><br> TYLER SAMPSON TURNER, <br><br> Appellant. | |

Tyler Sampson Turner appeals from the judgment approving the dissolution of his marriage to Carrie Lynn Turner. Tyler[1] contends the trial court erred when it found that he

---

[1] We use the parties' first names to avoid confusion.  No disrespect is intended.

electronically signed an agreement dividing his assets with Carrie. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Tyler and Carrie married in 2006. Carrie petitioned to dissolve the marriage in 2020. In May 2022, Carrie and Tyler agreed to settle the issues remaining after the dissolution of their marriage. Tyler's attorney prepared a "deal memo" memorializing the terms of the settlement.

The deal memo required Tyler to pay Carrie $250,000, half of which was due within 90 days of the memo's execution. Tyler's attorney emailed Carrie's attorney a copy of the memo bearing his and Tyler's signatures. Carrie and her attorney countersigned the memo and circulated fully executed copies.

In July, Tyler's attorney sent Carrie's attorney a proposed judgment. Carrie's attorney sent proposed revisions, but then heard nothing for several weeks. When asked when they could expect to receive any additional revisions, Tyler's attorney said that Tyler had not yet approved the judgment.

At an August hearing, Carrie's attorney told the trial court that Tyler and Carrie had reached the terms of a settlement, but that Tyler had not authorized revisions to the judgment. Tyler said that he had relieved his attorney and requested more time to review the matter with a new attorney.

Three weeks later, Tyler sent Carrie a check for $125,000, as required by the deal memo. He later put a stop payment on the check and was "backing away" from the deal memo.

Carrie requested an order to enforce the terms of the deal memo pursuant to Code of Civil Procedure section 664.6. During the hearing on Carrie's request, the trial court found that the memo had been signed by the parties and their attorneys. It

2

based that finding on communications between the attorneys and Tyler's delivery of the $125,000 check per the memo's terms.  The court granted Carrie's request, and incorporated the memo's terms into the judgment.

## DISCUSSION

Tyler contends the trial court erred when it concluded that he electronically signed the deal memo.  We disagree.

Code of Civil Procedure section 664.6 permits a trial court to enforce the terms of a settlement agreement.  (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360.)  When doing so, it is that court's duty to "determine in the first instance whether the parties have entered into an enforceable settlement."  (*Ibid.*)  "In making that determination, 'the . . . court acts as the trier of fact.' "  (*Ibid.*)  We will not disturb the court's factual findings if supported by substantial evidence.  (*Ibid.*)

Substantial evidence supports the trial court's finding that Tyler and Carrie entered into an enforceable settlement.  Tyler's attorney emailed Carrie's attorney a copy of the deal memo bearing his and Tyler's signatures.  Carrie and her attorney also signed the memo, creating an enforceable settlement.

Tyler complains that the trial court accepted his signature without ensuring that it complied with the Uniform Electronic Transactions Act (Civ. Code, § 1633.1 et seq.; UETA).  But Tyler did not raise this issue during the proceedings below.  He cannot do so for the first time on appeal.  (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.)

Tyler's complaint also lacks merit.  Pursuant to the UETA, an "electronic signature is attributable to a person if it was the act of the person.  The act of the person may be shown *in any manner*, including a showing of the efficacy of any security

3

procedure applied to determine the person to which the electronic record or electronic signature was attributable." (Civ. Code, § 1633.9, subd. (a), italics added.)  Here, the trial court determined that the electronic signature on the deal memo was the act of Tyler based on his attorney's representation and him complying with the terms of the memo by sending Carrie a $125,000 check.  It is not the province of this court to second guess that determination. (*Bannister v. Marinidence Opco, LLC* (2021) 64 Cal.App.5th 541, 545.)

DISPOSITION

The judgment is affirmed.  Carrie Lynn Turner shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

4

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

David Ingram Law and David L. Ingram for Appellant.
Ferguson Case Orr Paterson and Joshua S. Hopstone for Respondent.