Filed 5/15/25  Wyatt v. City of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LIONEL A. WYATT, Individually and as Trustee, etc., | B334472 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCP04166) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel and Curtis A. Kin, Judges. Reversed with directions.

Lionel A. Wyatt, in pro. per., for Plaintiffs and Appellants.

Hydee Feldstein Soto, City Attorney, Valerie L. Flores, Chief Deputy City Attorney, John W. Heath, Chief Assistant City Attorney, Charles D. Sewell and K. Lucy Atwood, Deputy City Attorneys, for Defendant and Respondent City of Los Angeles.

Dawyn R. Harrison, County Counsel, Drew M. Taylor and Michael J. Hahn, Deputy County Counsel, for Defendant and Respondent County of Los Angeles.

_____

**INTRODUCTION**

Under Code of Civil Procedure section 664.6[1] the trial court, upon a motion by a party or parties to a stipulation to settle a case, may enter judgment pursuant to the terms of the settlement agreement. The court cannot modify the terms of the parties' settlement or enter a judgment that differs from the parties' settlement. The only question before the court on a motion under section 664.6 to enforce a settlement is whether the parties entered into a valid and binding settlement agreement. If they did, the court may enter judgment pursuant to the agreement's terms. And that's all the court can do under section 664.6.

Lionel A. Wyatt[2] appeals from a judgment of dismissal entered after the trial court ruled on motions by all parties to enforce a settlement agreement under section 664.6. (The settled dispute relates to a lien the City of Los Angeles imposed on Wyatt's property.) The parties agreed they entered into a valid settlement agreement, but disagreed whether the City (and the County of Los Angeles, as the City's collection agent) complied

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Wyatt filed his petition on behalf of himself individually and as trustee of the Wyatt Children's Trust. For convenience, we refer to the appellants collectively as Wyatt.

2

with the terms of the settlement agreement.  The court ruled the City and the County complied with the settlement agreement and entered a judgment of dismissal.

Because the parties brought motions to enforce the settlement under section 664.6, the trial court lacked the authority to rule on whether the parties complied with or breached the terms of the settlement agreement or to enter a judgment that differed from the settlement agreement.  The settlement agreement did not provide for entry of a judgment of dismissal, and the court erred in entering such a judgment.  Therefore, having requested supplemental briefing on whether the court erred in entering a judgment inconsistent with the parties' settlement, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The City Records a Lien on Wyatt's Property*

In October 2014 the Los Angeles Department of Building and Safety identified several code violations at a residential property owned by Wyatt.  The Department issued an order to comply (i.e., to correct the code violations), but Wyatt did not comply within the required time frame.  The City approved the Department's request to impose a lien of $3,536.95 (comprising the fees and surcharges related to the code violations) against Wyatt's property.  The City recorded the lien in May 2017, and the County's Treasurer and Tax Collector added the amount of the lien to Wyatt's property tax roll.

Wyatt's property tax bill for 2018-2019 included the lien, but he did not make the full payment required.  Wyatt alleged that, upon learning of the lien in November 2018, he "began a

3

series of appeal processes (from November 2018 to August 2019) in an attempt to convince the [Department] that their actions were in violation of multiple state statutes and codes and that the involuntary lien be rescinded, due to multiple reasons, equitable and legal and in the interest of justice." Wyatt was unsuccessful.

B. *Wyatt Files a Petition Seeking Relief from the Lien, Which He Later Agrees To Settle*

Wyatt filed this action (a petition for writ of administrative mandamus or writ of mandate under sections 1094.5 and 1085, respectively) seeking relief from the lien and a stay of all collection efforts. The trial court referred the parties to a mandatory settlement conference.[3] At the settlement conference in June 2022 Wyatt and the City (represented by Deputy City Attorney K. Lucy Atwood) signed a form document titled "stipulation re settlement." The settlement agreement stated:

"It is hereby stipulated by and between the parties that this matter is deemed settled pursuant to the following terms and conditions:

"1. On or before September 1, 2022, Wyatt will pay the City of Los Angeles $1769, payable to the L.A. Department of Building and Safety. The city will then withdraw and release the lien on the subject property and provide Wyatt a copy of said release. Wyatt shall deliver the check to Ms. Atwood's business address.

---

[3] The court excused the County from participating in the settlement conference because the County acted only as the City's collection agent. Counsel for the County signed the settlement agreement after the settlement conference.

4

"2. The City agrees to accept said sum as payment in full of all their claims, known or unknown, arising from the events described in the petition with the knowledge that they will be barred from proceeding against Wyatt in the future regardless of what might happen.

"3. Each party will bear its own costs and attorney fees.

"4. Parties shall mutually release all claims.

"5. The parties agree that they have reached a full and final settlement of all claims arising from the events described in the petition. This agreement is binding and it contains the material terms of the agreement between the parties. Pursuant to Evidence Code section 1123, the parties acknowledge that this agreement is exempt from the confidentiality provisions of Evidence Code section 1152 et seq., and is admissible in evidence to enforce the settlement.

"6. The Court is requested to retain jurisdiction and this settlement may be enforced pursuant to California Code of Civil Procedure section 664.6." The parties crossed out a line on the form document stating, "The parties agree the court may dismiss the case without prejudice."

### C. *All Parties File Motions To Enforce the Settlement Agreement*

In March 2023 the City, the County, and Wyatt each filed a motion to enforce the settlement agreement under section 664.6. The parties agreed (or at least did not dispute) that they had entered into a settlement agreement, that Wyatt paid the City $1,769, that the City recorded a notarized release of its lien, and that the City sent Wyatt a copy of the release. Nevertheless, Wyatt argued the City and the County did not fully perform their

5

obligations under the settlement agreement because his property tax bill showed he was in default and still owed taxes of $2,084.19, even after the City and the County purportedly removed the lien from the property tax roll. Wyatt believed the amount of the default related to the City's lien, which he thought the City had released.

D.     *The Superior Court Requests Supplemental Briefing*

The trial court (Judge Mary H. Strobel) heard the motions and issued a written ruling. The court observed the parties had entered into a settlement and proceeded to consider whether the parties complied with it. After summarizing the evidence submitted by the parties, the court ruled the City had not established it fully performed its obligations under the settlement agreement. Specifically, the court found the evidence did not adequately explain why Wyatt still owed delinquent taxes from 2019. Rather than denying the motion, however, the court continued the hearing and ordered the parties to a second mandatory settlement conference. The court asked the parties to submit supplemental briefs and ordered the City and the County to submit detailed declarations explaining the amount of the lien immediately before and immediately after the City released the lien; how the City and the County calculated interest, penalties, fees, or charges related to the lien and how the City and the County applied those amounts on Wyatt's property tax bill; and whether the City and the County had removed all interest, penalties, fees, or charges related to the lien from Wyatt's tax account.

6

E.     *The Court Rules the City and the County Complied with the Stipulated Settlement and Enters a Judgment of Dismissal*

The City and the County filed declarations explaining their internal accounting concerning the City's lien and Wyatt's property tax obligations.  The trial court (Judge Curtis A. Kin), at the continued hearing on the motions under section 664.6 to enforce the settlement agreement, reviewed the evidence presented by the City and the County and ruled the City and the County had fully complied with the settlement agreement.  The court also ruled the delinquent amount on the tax roll for Wyatt's property was because of an amount due on his property tax bill of $2,069.19, plus interest, penalties, and fees—amounts all unrelated to the City's lien.  The court granted the motions by the City and the County to enforce the settlement and denied Wyatt's motion to enforce it.  The court entered a judgment of dismissal (which also stated Wyatt "shall take nothing by this action"), and Wyatt timely appealed.

**DISCUSSION**

A.    *Applicable Law and Standard of Review*

Section 664.6, subdivision (a), provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court . . . for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."  "The purpose of section 664.6 is 'to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit.'  [Citation.]  'If the court determines that the parties entered into an enforceable settlement, it should grant the motion and enter a formal judgment pursuant to the terms of the settlement.'"  (*Greisman v. FCA US, LLC* (2024) 103 Cal.App.5th 1310, 1321.)

A "'trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 are subject to limited appellate review and will not be disturbed if supported by substantial evidence.'"  (*Greisman v. FCA US, LLC*, *supra*, 103 Cal.App.5th at p. 1321; see *Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal. App.5th 448, 470; *Machado v. Myers* (2019) 39 Cal.App.5th 779, 790 (*Machado*).)  Whether the court's judgment complies with section 664.6, however, is an issue of law we review de novo.  (See *Greisman*, at p. 1322 ["Legal questions, such as the proper interpretation of section 664.6 or whether the granting of the motion satisfied the strict requirements of the statute, are reviewed de novo."]; *J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 984 [same].)

8

B.    *The Trial Court Erred in Entering the Judgment It Did*

"When addressing a section 664.6 motion, the trial court must determine whether the parties entered into an enforceable settlement.  [Citation.]  Phrased another way, 'the court must determine whether the settlement agreement is valid and binding.'  [Citation.]  This inquiry is governed by the legal principles applicable to the formation of contracts generally." (*Eagle Fire & Water Restoration, Inc. v. City of Dinuba, supra,* 102 Cal.App.5th at pp. 467-468.)

The parties did not dispute the validity or enforceability of the settlement agreement.  The City, the County, and Wyatt each sought to enforce the agreement, and no one argued the settlement agreement was unenforceable for any reason.[4]  The parties also agreed on the terms of the settlement—primarily, that Wyatt would pay the City $1,769, and the City would release its lien on Wyatt's property.  In ruling on the three motions under section 664.6, the court acknowledged the parties entered into a settlement agreement.  So far, so good.  The court, however,

---

[4]    To the extent Wyatt now suggests there was no "meeting of the minds" when the parties signed the settlement agreement, he forfeited the argument by failing to raise it in his motion to enforce the settlement agreement, his supplemental brief in support of that motion, or his oppositions to the motions by the City and the County.  (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 ["Having failed to raise or develop this issue in the trial court, plaintiffs cannot raise the issue for the first time on appeal."]; *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"].)

9

proceeded to address whether parties had complied with or breached the terms of the settlement agreement. That's where things went wrong.

If the trial court finds the parties entered into a settlement agreement (and everyone here agreed they did), "[s]ection 664.6 authorizes the trial court to enter a judgment reflecting the terms of the parties' settlement agreement—nothing more, and nothing less. "'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts and enter the terms of a settlement agreement as a judgment [citations], nothing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon.'"" (*BTHHM Berkeley, LLC v. Johnston* (2024) 100 Cal.App.5th 1220, 1225; see *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360.) "'[T]he trial court is under a duty to render a judgment that is in exact conformity with an agreement or stipulation of the parties. ". . . It is not the province of the court to add to the provisions thereof [citations]; to insert a term not found therein [citations]; or to make a new stipulation for the parties.'"" (*Machado*, *supra*, 39 Cal.App.5th at p. 792, brackets in original.)

In ruling on a motion under section 664.6, the court does not consider whether the parties have complied with the settlement agreement. For example, in *Machado, supra*, 39 Cal.App.5th 779 neighbors settled a dispute over a variety of property-related issues. (*Id*. at pp. 785-786.) The parties continued to have disagreements, however, and filed motions to enforce the settlement agreement under section 664.6. (*Id*. at pp. 787-788.) The plaintiffs argued they should be excused from any further performance under the settlement agreement

10

because the defendants breached the agreement in several respects. (*Id.* at p. 788.) The trial court agreed and entered a judgment that omitted one of the parties' settlement terms and modified others, which had the effect of relieving the plaintiffs of certain obligations under the settlement.

The plaintiffs argued the judgment should be affirmed because it "'explained which settlement terms have been performed, which have not, and which do not need to be.'" (*Machado, supra,* 39 Cal.App.5th at p. 795.) The court in *Machado* stated that the trial court could resolve "reasonable disputes over the terms of the settlement," but that "it was not the terms of the settlement agreement that were in dispute. What was disputed was whether [the defendants'] actions constituted a material breach of the agreement" that would excuse the plaintiffs from performing. (*Id.* at pp. 795-796.) The parties' dispute over performance, however, was "not relevant to the entry of judgment pursuant to section 664.6." (*Id.* at p. 796.) The court held that disputes regarding "compliance with the settlement agreement may be relevant to the *enforcement* of the judgment, once entered, but the parties did not properly seek this type of relief from the court here. Instead, the trial court was asked to enter judgment 'pursuant to the terms of the settlement' under section 664.6." (*Ibid.,* fn. omitted.)

Here, as in *Machado,* the trial court did not enter a judgment that reflected the terms of the parties' stipulated settlement. Instead, the court ruled on whether the parties complied with the settlement and then, after concluding the parties fulfilled their obligations under that agreement, entered a judgment of dismissal, a judgment the settlement agreement did not call for. Section 664.6 required the trial court to enter a

judgment that conformed exactly to the settlement agreement. The court should have entered a judgment that required Wyatt to pay $1,769, required the City to accept that amount as full payment of the claims "arising from the events described in the petition," required each party to bear its fees and costs, required the parties to release their claims, and included the other terms of the settlement agreement. Whether the parties complied with the settlement agreement is an issue for another day.

## DISPOSITION

The judgment is reversed. The trial court is directed to enter a judgment that conforms with the settlement agreement. Wyatt is to recover his costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

PULOS, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.